IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02798-GPG

GERALD ZACHARY HAMMOND,

      Applicant,

v.

PATRICK FIRMAN,

      Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Gerald Zachary Hammond, is an inmate at the Denver Detention Center in Denver, Colorado.   Mr. Hammond initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) seeking dismissal of two state court criminal cases and an award of damages "if possible."   The request for damages is not an appropriate form of relief in this habeas corpus action.

On December 24, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Hammond to show cause why this action should not be dismissed for failure to exhaust state court remedies.   Magistrate Judge Gallagher also noted that, to the extent Mr. Hammond seeks dismissal of pending state court criminal charges, the Court generally may not interfere in ongoing state criminal proceedings.   *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).   On January 4, 2016, Mr. Hammond filed a document titled "Order to Show Cause" (ECF No. 6) alleging it was difficult for him to conduct legal research at the Denver Detention Center.   Mr.

Hammond also filed a letter to the Court (ECF No. 7) the same day indicating he would be able to complete his response to Magistrate Judge Gallagher's show cause order within thirty days.   Mr. Hammond has not filed any further response to Magistrate Judge Gallagher's show cause order.

The Court must construe the application and other papers filed by Mr. Hammond liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the action will be dismissed.

Mr. Hammond claims in the application that his constitutional rights have been violated in two Denver District Court criminal cases and, as noted above, the relief he seeks is dismissal of both cases.   The relevant state court case numbers are 15CR2606 and 15CR5379.   With respect to case number 15CR2606, Mr. Hammond claims his sentence is illegal because his plea was coerced and counsel was ineffective.   He also alleges that he has filed an appeal in that case.   With respect to case number 15CR5379, Mr. Hammond apparently claims his Fourth and Fifth Amendment rights have been violated and that he has been denied due process.   Mr. Hammond indicates in the letter (ECF No. 7) filed January 4 that he seeks to attack only the charges pending against him in case number 15CR5379 and he clarifies that he is a pretrial detainee with respect to that case.

To the extent Mr. Hammond seeks to assert federal constitutional claims challenging the validity of his conviction or sentence in case number 15CR2606, the

claims properly are asserted in a habeas corpus action pursuant to 28 U.S.C. § 2254.

*See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).   However, Mr. Hammond

must exhaust state remedies before he may challenge the validity of a state court

conviction or sentence pursuant to § 2254.   *See* 28 U.S.C. § 2254(b)(1).   Mr. Hammond

fails to demonstrate that he has exhausted state remedies.   In fact, because he alleges

in the application that he has filed an appeal in case number 15CR2606 and that the

appeal is pending in the Colorado Court of Appeals, it is clear that he has not exhausted

state remedies prior to commencing this action.   Therefore, Mr. Hammond's claims

challenging the validity of his conviction and sentence in case number 15CR2606 will be

dismissed for failure to exhaust state remedies.

Mr. Hammond's claims pertinent to case number 15CR5379 also will be

dismissed, but for a different reason.   Absent extraordinary or special circumstances,

federal courts are prohibited from interfering with ongoing state criminal proceedings.

*See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th

Cir. 1997).   Abstention is appropriate if three conditions are met: "(1) the state

proceedings are ongoing; (2) the state proceedings implicate important state interests;

and (3) the state proceedings afford an adequate opportunity to present the federal

constitutional challenges."   *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Hammond concedes the state court

proceedings in case number 15CR5379 are ongoing.   The second condition also is met

because the Supreme Court "has recognized that the States' interest in administering

their criminal justice systems free from federal interference is one of the most powerful of

the considerations that should influence a court considering equitable types of relief."

*Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).   With

respect to the third condition, Mr. Hammond fails to demonstrate the absence of an

adequate opportunity to present his claims in the state proceedings.

Mr. Hammond "may overcome the presumption of abstention 'in cases of proven

harassment or prosecutions undertaken by state officials in bad faith without hope of

obtaining a valid conviction and perhaps in other extraordinary circumstances where

irreparable injury can be shown.'"   *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*,

401 U.S. 82, 85 (1971)).   However, the fact that Mr. Hammond will be forced to appear in

state court on criminal charges, by itself, is not sufficient to establish great and immediate

irreparable injury.   *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891,

894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is

commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably
> objective hope of success; (2) whether it was motivated by the
> defendant's suspect class or in retaliation for the defendant's
> exercise of constitutional rights; and (3) whether it was
> conducted in such a way as to constitute harassment and an
> abuse of prosecutorial discretion, typically through the
> unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.   It is Mr. Hammond's "'heavy burden' to overcome the bar of

*Younger* abstention by setting forth more than mere allegations of bad faith or

harassment."   *Id.*

Mr. Hammond fails to demonstrate that the criminal case pending against him was

commenced with no reasonable hope of success.   He also fails to demonstrate any

improper motivation for the charges.   Finally, there is no indication that the criminal case

pending against Mr. Hammond has been conducted in such a way as to constitute

harassment or an abuse of prosecutorial discretion.   Therefore, the Court finds that

*Younger* abstention is appropriate in this action.   If Mr. Hammond ultimately is convicted

in case number 15CR5379 and he believes that his federal constitutional rights were

violated in obtaining that conviction, he may pursue his claims in federal court by filing an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts

state remedies.

In summary, Mr. Hammond's claims challenging the validity of his conviction or

sentence in case number 15CR2606 will be dismissed for failure to exhaust state

remedies and his claims relevant to case number 15CR5379 will be dismissed because

Mr. Hammond fails to allege facts that indicate he will suffer great and immediate

irreparable injury if the Court does not intervene in the ongoing state court criminal

proceedings.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).

If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file

a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2241 (ECF No. 1) is denied and the action is dismissed without prejudice.   It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied

without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on

appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __11th__ day of __February__, 2016.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court